# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JOSEPH GREENE,** *Plaintiff*, v. **VITA NONWOVENS LLC,** *Defendant*. | **CASE NO.: 1:19-CV-1004** |

## COMPLAINT AND REQUEST FOR JURY TRIAL

**NOW COMES** the Plaintiff, Joseph Greene ("Greene"), and complaining of the Defendant, Vita Nonwovens LLC ("Vita Nonwovens"), alleges the following to be true:

### INTRODUCTION

1	This action arises from Defendant's failure to hire Greene based on his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*.

2	Each paragraph of this complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## JURISDICTION AND VENUE

**3**   Greene is a resident of Grant County, Indiana, but was at all times relevant to this case a resident of Henderson County, North Carolina, and is neither a minor nor incompetent.

**4**   Vita Nonwovens is a domestic corporation with a registered agent in Raleigh, North Carolina, and a principal office in Guilford County, North Carolina.

**5**   This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

**5.1**   28 U.S.C. § 1331, as the action arises out of 29 U.S.C. §§ 621 *et seq.*;

**6**   This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

**6.1**   Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

**6.2**   N.C. Gen. Stat. § 1-75.4(1)(c) and (d), as Vita Nonwovens a domestic corporation engaged in substantial business activity within this state at the time service of process was made upon it.

6.3 N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Greene's person or property.

7 Venue is proper in this Court pursuant to any/all of the following:

7.1 28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

7.2 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina;

## STATEMENT OF THE FACTS

8 Greene is a maintenance professional with decades of experience and multiple U.S. patents.

9 As of May 2018, Greene was 53 years old.

10 On May 14, 2018, Greene was contacted by a recruiter who told him that Vita Nonwovens was interested in hiring him as a Maintenance Manager and would like to interview him the next day.

11 On May 15, 2018, Greene came to Vita Nonwovens' facility in High Point, North Carolina.

12 Greene was interviewed by Maintenance Manager Chad Rikes (49), Control Technician Jim Breeding (56), and Reliability Manager Detlef Boerger (53).

13      About 45 minutes into the interview, Boerger stopped the interview and said he could not go any farther. He went on to say that he could not use Greene because he was too old and Boerger did not believe he could handle the position because of his age.

14      Greene did not believe he would have any difficulty with the job duties of a Maintenance Manager, nor did he ever express in any way that he thought he would have difficulty with them.

15      One of the other interviewers walked Greene out and apologized.

16      Greene was never contacted about any positions at Vita Nonwovens again.

17      Vita Nonwovens hired a man in his 30s who was much less qualified than Greene to fill the Maintenance Manager position.

18      Greene filed a charge of discrimination based on age with the EEOC on August 17, 2018.

19      On June 27, 2019, the EEOC issued a determination finding "there is reasonable cause to believe Respondent failed to hired Charging Party because of his age in violation of the ADEA."

20      On July 16, 2019, the EEOC issued Greene a notice of right to sue (conciliation failure).

## FIRST CAUSE
### Age Discrimination
*Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq.*

21      Greene was over forty years old, within the protected age group.

22      Greene was qualified for the Maintenance Manager position.

23      Vita Nonwovens rejected Greene's application for the Maintenance Manager position expressly because of his age

24      Vita Nonwovens hired a less-qualified individual in his 30s for the Maintenance Manager position.

25      Vita Nonwovens has 20 or more employees.

## REQUEST FOR JURY TRIAL

26      Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

27      Enter Judgment for Greene on all causes of action contained herein;

28      Award Greene damages, including liquidated damages, in an amount to be determined at trial;

29      Tax the costs of this action against Defendant and award Greene reasonable attorney fees as permitted by law, and;

30      Grant such other and further relief as the court deems just and proper.

*Respectfully submitted on this, the 27th day of September 2019,*

                                                **/S/ WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and upon receipt of an executed summons will serve the following by certified mail, return receipt:

>Vita Nonwovens LLC
>c/o Corporation Service Company
>2626 Glenwood Ave, Suite 500
>Raleigh, NC 27608
>*Defendant*

>/s/ WILSON FONG
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com